**ODYSSEY STEVEDORING CORPORATION, et al., Plaintiffs,**

v.

**"CELTIC VENTURE", etc., Defendant,**

**First Line (Liberia) Limited, Intervenor-Appellee, Cross-Appellant,**

**United States Marshal, Appellant, Cross-Appellee.**

**No. 86-8170.**

United States Court of Appeals, Eleventh Circuit.

May 26, 1987.

---

Allen Van Emmerik, U.S. Dept. of Justice, Civil Div., Washington, D.C., for appellant, cross-appellee.

George H. Chamlee, Savannah, Ga., for intervenor-appellee, cross-appellant.

Before ANDERSON and CLARK, Circuit Judges, and SIMPSON,* Senior Circuit Judge.

ANDERSON, Circuit Judge:

Two issues are presented on this appeal. First, appellant, the United States Marshal, challenges the district court's denial of interest on his commission claimed pursuant to 28 U.S.C. § 1921 (1962). We agree with the Marshal and reverse on this issue. The second issue on appeal is raised by the First Line (Liberia) Ltd., appellee and cross-appellant (referred to as "First Line"). First Line challenges the district court's decision that it lacked discretionary authority to reduce the Marshal's commission awarded pursuant to 28 U.S.C. § 1921. We affirm the district court's decision on this second issue.

The M/V Celtic Venture was arrested by the United States Marshal for the Southern District of Georgia. The district court ordered a foreclosure sale of the M/V Celtic Venture, and the sale was held by the Marshal on January 4, 1985. The amount realized on this sale was $7,300,000, which was deposited by the clerk of the court in an interest-bearing registry account. This amount was sufficient to satisfy all claims of intervening lien claimants except that of First Line, which had intervened to assert its mortgage lien in the amount of $22,746,-777.77. The Marshal filed a statement of costs and expenses pursuant to 28 U.S.C. § 1921. The application of the statute in this case resulted in a Marshal's fee of $109,515.

Under 46 U.S.C. § 951, the claim of First Line is subordinate to all claims for services provided by the United States, including the Marshal's fee. First Line filed a motion to reduce the Marshal's commission. The court denied First Line's motion and directed the Marshal to prepare a judgment. After reviewing the Marshal's proposed order, the court entered an order requiring payment of the Marshal's full fee of $109,515, but denied the Marshal's re-

---

* Judge Simpson did not participate in the decision of this case and the decision is by quorum.

28 U.S.C. § 46; Circuit Rule 3.

quest for interest on the commission. The Marshal has appealed the portion of the court order which denied him interest and First Line filed a cross-appeal as to the portion of the court's order which granted the full Marshal's fee.

With regard to the first issue, the Marshal's entitlement to interest on his commission, the record shows that on January 4, 1985, the court confirmed the sale of the M/V Celtic Venture and ordered the clerk of the court to deposit the proceeds of the sale in an interest-bearing registry account. The general rule as to the interest earned on court registry accounts is that interest is allocated proportionately to those who are ultimately determined to be owners of the principal.[1] *Webb's Fab. Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 162–65, 101 S.Ct. 446, 451–53, 66 L.Ed.2d 358 (1980). We see no reason to depart from the general rule in this case. Therefore, the Marshal is entitled to his allocable portion of the interest earned from the date the proceeds of the sale were deposited in the registry account.

With regard to the issue raised by First Line, whether the district court had discretionary authority to modify the Marshal's commission, 28 U.S.C. § 1921 sets forth a uniform method of computing the Marshal's commission in order to reimburse the federal government for services rendered to private litigants by United States Marshals. The congressional purpose was to achieve uniformity in the amount and computation of fees. H.R.Rep. No. 1724, 87th Cong., 2d Sess., at 5 (1962). *Coast Engine and Equipment Corp. v. Sea Harvester, Inc.,* 641 F.2d 723, 727 (9th Cir.1981); *Hill v. Whitlock Oil Services, Inc.,* 450 F.2d 170 (10th Cir.1971). The congressional goal of uniformity would be undermined if district courts had discretionary authority to modify the commission. The Fourth Circuit recently held that district courts had no such discretion, relying upon the congressional interest in uniformity. *Transamerica ICS, Inc. v. M/V*

*Hellenic Sun,* 778 F.2d 194, 195 (4th Cir. 1985). We agree with the Fourth Circuit, and therefore affirm the district court's holding in this case that it had no discretion to modify the § 1921 commission.

The judgment of the district court is accordingly affirmed in part and reversed in part.

AFFIRMED in part and REVERSED in part.

---

1. The parties have argued that such interest payments should be analogized to costs or prejudgment interest under admiralty rules. In light of our disposition we need not address those contentions.