**UNITED STATES of America**

v.

**David Anthony JAMISON, Appellant.**

**No. 90–3197.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 4, 1991.

Decided June 4, 1991.

Howard B. Katzoff (appointed by this Court) Washington, D.C., for appellant.

Elizabeth H. Danello, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before SENTELLE, THOMAS, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

David A. Jamison ("Jamison" or "appellant") appeals from the sentence imposed on his guilty plea to the offense of conspiracy to distribute heroin in violation of 18 U.S.C. § 371. The trial court imposed without departure the sentence computed under the Sentencing Guidelines: five years (the statutory maximum), to be followed by a three-year period of supervised release. Jamison argues on appeal that the trial court improperly refused to depart downward for coercion and that a sentence of supervised release is unlawful following the imposition of a maximum term of imprisonment. For the reasons set forth below, we reject both of appellant's challenges and affirm the sentence as imposed.

## I. THE REFUSAL TO DEPART

On January 16, 1990, appellant and ten other co-defendants were charged in a twenty-eight count indictment with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841 and 846 and various other drug-related charges. On April 20, 1990, appellant entered a guilty plea to the general conspiracy offense set forth in 18 U.S.C. § 371 in exchange for a promise by the government to move to dismiss the remaining counts charged in the indictment.

■ At appellant's sentencing hearing, the court determined that the Sentencing Guidelines set appellant's term of imprisonment at five years, the statutory maximum for appellant's substantive offense. Appellant argued that he was entitled to a downward departure for coercion under U.S.S.G. § 5K2.12. That section provides that "[o]rdinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party." Appellant claims to have presented uncontroverted evidence that he was the victim of physical injuries, property damage, and threats of continued harm if he did not participate in the drug distribution scheme. We will not discuss the evidence in detail, as that portion of the record has been sealed at the appellant's request. We will note, however, that the relevant Guidelines section does *not* state that evidence that the defendant claims to have received a threat of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party will *always* require the sentencing court to depart downward. Nor do the Guidelines generally make downward departures mandatory or reviewable.

Instead, "[d]ecisions not to depart downward from an applicable guidelines range are generally reviewable only to the extent that they were imposed in violation of law or were imposed as a result of an incorrect application of the Sentencing Guidelines." *United States v. Ortez*, 902 F.2d 61, 63 (D.C.Cir.1990); *see also* 18 U.S.C. § 3742(a). Accordingly, "a trial judge may decide not to depart from the guidelines at all, without being subject to appellate review." *United States v. Hazel*, 928 F.2d 420, 424 (and cases cited therein) (D.C.Cir. 1991).

■ Here, after a full evidentiary hearing on appellant's claim, the District Court determined that the claim was not credible and did not warrant a downward departure. This determination is unreviewable. *See United States v. Zine*, 906 F.2d 776, 777 (D.C.Cir.1990) (decisions not to depart from the sentence range prescribed by the Guidelines are within the discretion of the trial judge, and therefore not subject to change by an appellate court). The District Court properly considered appellant's coercion claim and rejected it. We are in no position to dispute the court's determination.

## II. LEGALITY OF THE SUPERVISED RELEASE

Appellant further contends that the imposition of a period of supervised release following a maximum term of imprisonment constitutes an illegal sentence. Ap-

pellant argues that terms of imprisonment and supervised release together may not exceed five years, the maximum prison term allowed by the conspiracy statute. Appellant's argument rests on the fact that federal courts may only impose criminal punishments that are provided for by federal statute. *See United States v. Best,* 573 F.2d 1095, 1101 (9th Cir.1978); *see also United States v. Fountain,* 768 F.2d 790, 799 (7th Cir.1985) ("judges have no authority to add to the criminal penalties provided in federal statutes"), *cert. denied,* 475 U.S. 1124, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986).

Appellant's offense level and criminal history category fixed his Guidelines range at 92 to 115 months' imprisonment. The offense to which appellant pled guilty authorized a maximum term of five years' (60 months') incarceration. 18 U.S.C. § 371. The District Court accordingly sentenced appellant to a term of imprisonment of five years under U.S.S.G. § 5G1.1(a). Sentencing Guidelines §§ 5D1.1(a) and 5D1.2(b)(2) require the imposition of a two- to three-year period of supervised release following a sentence of imprisonment for more than one year. The court therefore imposed a three-year period of supervised release to follow incarceration. If appellant violates a condition of his supervised release, the district court may revoke the supervised release and require appellant to serve up to two additional years in prison—despite the fact that appellant would have already completed his five-year prison term. *See* 18 U.S.C. § 3583(e)(1), (3). Thus, the sentence potentially exposes him to a total of seven years' incarceration.

■ Congress, however, in 18 U.S.C. § 3583(a) authorized a period of supervised release to be imposed in addition to a maximum term of imprisonment. Section 3583(a) specifically provides that a "court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." Appellant contends that this provision merely affords the sentencing court the discretion to convert a portion of the statutory imprisonment term into a period of supervised release. Thus, under appellant's interpretation, his terms of imprisonment and supervised release together may not add up to more than the maximum prison term allowed by the statute. However, after considering appellant's argument, we hold that Congress provided in the supervised release statute that such release is to be imposed in addition to any authorized term of imprisonment, not by conversion of a portion thereof.

■ The starting point for statutory construction is the language of the statute itself. *See Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Section 3583(a) provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such term is required by statute.

Although the statute under which appellant was convicted provides for felony punishment by imprisonment for not more than five years, *see* 18 U.S.C. § 371, the language of the supervised release statute allows a court to include such release "as part of the sentence," not "as part of the imprisonment." The phrases "sentence to a term of imprisonment" and "term of supervised release after imprisonment" suggest that imprisonment and supervised release are discrete components of a sentence. The statute also describes supervised release as "a part of a sentence." Appellant argues that the words "the sentence" refer back to the phrase "a sentence of a term of imprisonment" and therefore reveal an intent by the provision's drafters to include supervised release within the term of imprisonment.

We disagree. Congress's decision to denote supervised release as "a part of the sentence" rather than "a part of the impris-

onment" demonstrates that the limits on terms of actual incarceration do not apply to periods of supervised release. The Sentencing Commission itself reached this same conclusion in an unofficial pamphlet. The Commission stated that "a term of supervised release was intended as separate from, and in addition to, the statutory maximum term of imprisonment for the offense." United States Sentencing Commission, *Questions Most Frequently Asked About the Sentencing Guidelines* 5 (Mar. 1, 1990) (Question 16).

The legislative history of § 3583 provides additional evidence of Congress's intent to permit judges to impose supervised release consecutive to the maximum authorized term of imprisonment. Section 3583 was enacted as part of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, § 235, 98 Stat. 1987, 2031 (1984), wherein Congress replaced a parole system that geared supervised release to the length of the prison term served with a system of supervised release that depended wholly on the defendant's need for supervision following release from prison. Under the former parole system,

> both the length of time that a defendant may be supervised on parole following a term of imprisonment and the length of time for which a parolee may be reimprisoned following parole revocation are dependent on the length of the original term of imprisonment....
>
> ... Thus, the smaller percentage of his term of imprisonment a prisoner spends in prison, the longer his period of parole supervision.

S.REP. NO. 225, 98th Cong., 2d Sess. 122, *reprinted in* 1984 U.S.CODE CONG. & ADMIN. NEWS 3182, 3305. One difficulty with the parole system was that the length of parole turned not on the defendant's need for supervision following a period of incarceration, but "on the almost sheer accident of the amount of time that happens to remain of the term of imprisonment when the defendant is released." *Id.* at 124, *reprinted in* 1984 U.S.CODE CONG. & ADMIN.NEWS at 3307. In contrast, Congress intended that in the new law "[t]he term of supervised release would be a separate part of the defendant's sentence, rather than being the end of the term of imprisonment." *Id.* at 123, *reprinted in* 1984 U.S.CODE CONG. & ADMIN.NEWS at 3306.

Furthermore, appellant's reading of § 3583 produces irrational, if not impossible, results. For example, although § 3583 grants the sentencing court discretion to impose a period of supervised release, the Guidelines *require* the imposition of a period of supervised release whenever a prison term exceeding one year is given. U.S.S.G. § 5D1.1(a). In the present case, under appellant's view, the District Court could either have sentenced appellant to the five years in prison mandated by the Guidelines and violated the requirement of an additional two to three years of supervised release, U.S.S.G. §§ 5D1.1–2, or have imposed the required supervised release and thereby offended the requirement of a five-year prison term provided for under § 5G1.1.[1] Appellant's reading of § 3583 would effectively reduce the maximum prison terms allowed by particular criminal statutes and the Sentencing Guidelines. When an offense required imposition of a period of supervised release, the sentencing court would have no choice but to sentence appellant to less than the maximum amount of time for incarceration. Congress gave no indication that it intended supervised release to outlaw maximum sentences.

The inconsistency of appellant's argument with the statutory scheme is highlighted even more brightly by considering the application of the supervised release section to misdemeanor violations. Section

---

1. Appellant had a total offense level of 26 and fell in Category 4 for Criminal History. The Sentencing Guidelines therefore imposed an imprisonment range of 92 to 115 months. The maximum sentence under 18 U.S.C. § 371 for appellant's offense of conviction is 60 months' imprisonment. "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). Thus, the Guidelines require appellant here to serve a sentence of 60 months.

3583(b) defines the terms of supervised release that apply to certain classes of offenses. For misdemeanors, Congress authorized a period of supervised release of "not more than one year." 18 U.S.C. § 3583(b)(3). As supervised release by definition is to be served "after imprisonment," § 3583(a), and as the maximum term of imprisonment for a misdemeanor is one year, § 3581(b)(6), imposition of the authorized one year of supervised release would cause the total of incarceration and supervised release to exceed the maximum period of imprisonment in every case, no matter how short the period of incarceration. The view espoused by appellant would render impossible the imposition of the one-year term of supervised release authorized by statute. We can hardly conclude that Congress intentionally adopted a statutory maximum invalid on its face.

We further note that every court to consider this issue has held that § 3583 permits a term of supervised release beyond the maximum term of imprisonment. In *United States v. Montenegro–Rojo*, 908 F.2d 425 (9th Cir.1990), the defendant was sentenced to twenty-one months of imprisonment and one year of supervised release, although his offense of conviction authorized only a two-year maximum term of incarceration. Like the appellant here, Montenegro–Rojo argued that his sentence was illegal. The Ninth Circuit rejected his argument stating: "We think [18 U.S.C. § 3583] is better read as giving a sentencing court the option to tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute, even a term near or at the maximum." *Id.* at 432. *See also United States v. West*, 898 F.2d 1493, 1504 (11th Cir.1990) ("We conclude that Congress intended a defendant's term of supervised release to be 'a separate part' of, or in addition to, his term of imprisonment"), *cert. denied*, —— U.S. ——, 111 S.Ct. 685, 112 L.Ed.2d 676 (1991); *United States v. Butler*, 895 F.2d 1016, 1018 (5th Cir.1989) ("The addition of a period of supervised release to a maximum jail sentence does not extend a party's imprisonment; therefore, it cannot create a violation of the maximum prison sentence allowed by statute"), *cert. denied*, —— U.S. ——, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990); *see also United States v. Vanover*, 888 F.2d 1117, 1119 (6th Cir.1989) (rejecting defendant's argument that sentencing judge was required to inform him that he could be sentenced to consecutive prison and incarceration terms exceeding statutory maximum prison sentence for the substantive offense), *cert. denied*, —— U.S. ——, 110 S.Ct. 2177, 109 L.Ed.2d 506 (1990). Thus, given that the prevailing statutory scheme and judicial interpretations are contrary to appellant's argument, we find that his second contention is also without merit.

### III. CONCLUSION

For the reasons set forth above, the judgment of the District Court is

*Affirmed.*