979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Donald BASDEN Defendant-Appellant.
 No. 92-5402.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1992.
 
 Before SILER, BATCHELDER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Donald Basden (Basden), appealed the sentence he received following a guilty plea to conspiracy to transport stolen property in violation of 18 U.S.C. §§ 2312 and 2314. The district court sentenced Basden to eighteen months imprisonment, the maximum allowable under the United States Sentencing Guidelines (U.S.S.G.), and imposed a three-year term of supervised release.
 
 
 2
 Defendant's sole argument on appeal was that the district court essentially imposed a term of confinement in excess of the maximum eighteen months of imprisonment allowed under the Guidelines, since he possibly could be reincarcerated for an additional three years if he violated a condition of his supervised release. This assignment of error is without merit and already has been rejected by this circuit in United States v. Stephenson, 928 F.2d 728 (6th Cir.1991). As this court noted in Stephenson,
 
 
 3
 [c]onnecting the resentencing period with the maximum period of incarceration allowed for the original offense would undermine the system of supervised release. If the resentencing period was connected and the defendant had already served a substantial part or all of his allowable term under the Guidelines, his violation of a condition of supervised release would result in a tenuously short period of reincarceration, or no reincarceration at all.
 
 
 4
 Id. at 730-31; see also United States v. Jamison, 934 F.2d 371 (D.C.Cir.1991) (court upheld imposition of maximum sentence allowed by statute along with maximum three year period of supervised release); United States v. Montenegro-Rojo, 908 F.2d 425 (9th Cir.1990) (18 U.S.C. § 3583 authorizes court to impose period of supervised release onto term of imprisonment near or at statutory maximum).
 
 
 5
 In the instant action, the district court properly ordered a three-year term of supervised release pursuant to U.S.S.G. section 5D1.2(b)(2), which requires that the court impose at least two years but not more than three years of supervised release when a sentence of imprisonment of more than one year for a Class D felony is imposed. See 18 U.S.C. § 3583(b).
 
 
 6
 Accordingly, the district court's disposition is hereby AFFIRMED.