**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**2.569 U.S. ACRES OF LAND CONSISTING OF PARCEL NO.
404 HOSPITAL GROUND, NO. 9 NEW QUARTER, ST.
THOMAS, VIRGIN ISLANDS, TRANS-CARIB REALTY CORP.,
ASHRE DE LAGARDE, UNKNOWN OWNERS, AND ALL
OTHERS CLAIMING AN INTEREST HEREIN, Defendants**

Civil No. 856/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31,1995

Robert W. Bornholt, Esq., (Assistant Attorney General), Department of Justice, St. Thomas, V.I., *for plaintiff*

DENISE FRANCOIS, ESQ., St. Thomas, V.I., *for defendant Trans-Carib Realty Corp.)*

HENRY L. FEUERZEIG, ESQ., St. Thomas, V.I., *for defendant De Largarde*

SWAN, *Judge*

## MEMORANDUM OPINION AND ORDER

### FACTS

On August 13, 1992, the Government of the Virgin Islands ("Government") filed a complaint for condemnation, seeking to condemn Parcel No. 404, Hospital Ground, No. 9 New Quarter, St. Thomas, U.S. Virgin Islands, pursuant to the local Condemnation statute. Title 28 V.I.C. Section 411 *et seq.*

On September 24, 1992, this Court entered an order vesting title to the condemned parcel in the Government. Simultaneous with the filing of the declaration of taking, the Government deposited $ 258,333.00 with the Clerk of the Court, to justly compensate the legal owners of the property, namely, Trans-Carib Realty Corp. ("Trans-Carib") and Ashre de Largarde ("de Largarde"). With the vesting of title to the property in the Government, the right to just compensation accrued to the legal owners of the property. (Title 28 V.I.C. Section 421(a)(5)).

On April 15, 1993, this Court entered an order directing the Clerk of the Court to forthwith distribute the deposited funds to defendants Trans Carib and de Largarde. The Clerk, having previously deposited the funds in an interest bearing account with a local banking institution, distributed the proceeds to the owners on April 21, 1993, minus the accrued interest. Defendants now assert that they are entitled to the accrued interest on the $258,333.00. For the reasons enumerated below, their claims for the accrued interest are denied.

### ISSUE

Whether in condemnation proceedings, the owners of the Condemned property are entitled to the accrued interest earned on funds deposited in the Court's registry for the purpose of compensating the owners of the condemned property.

## DISCUSSION

■ Title 28 V.I.C. Section 411 *et seq.* enumerates the procedures the Government and the Court must follow in condemnation proceedings. The statute is clear and unambiguous. Section 421(b) of Title 28 provides that, "upon the application of the parties in interest, the Court <u>may</u> order that the money deposited in the court … be paid forthwith for or on account of the just compensation to be awarded in the proceedings…." (underline supplied) However, Section 421(a)(5) provides in pertinent part that "… <u>interest shall not be allowed on so much thereof as shall have been paid into the Court</u>. No sum so deposited and paid into the Court shall be subject to any charge for commission, deposit or custody."[1] (underlined supplied) Importantly, Section 421(a)(5) addresses both the issue of interest on judgments awarded landowners as just compensation for taking their properties, and the issue of interest earned on the same funds deposited into the Court's registry to compensate landowners. It is noteworthy that in section 421, the language preceding the prohibition on awarding interest to landowners on the funds deposited in the Court's registry does provide for interest on judgments awarded landowners for taking their properties. The elucidating language in section 421(a)(5) states "… ; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensa-

---

[1] 28 V.I.C. 421(a)(5) provides: "A statement of the sum of money estimated by said acquiring authority to be just compensation for the property taken.

Upon the filing of said declaration of taking and deposit in the Court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the property in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the Government of the Virgin Islands, or in the department, agency, bureau or instrumentality thereof, which may have been authorized to seek the condemnation and such property shall be deemed condemned and taken for the use of the Government of the Virgin Islands, or the department, agency, bureau or instrumentality thereof involved, as the case may be, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; <u>but interest shall not be allowed on so much thereof as shall have been paid into the Court</u>. No sum so deposited and paid into the Court shall be subject to any charge for commission, deposit, or custody." (underline supplied)

tion awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking from said date to the date of payment; ....″ Therefore, it is significant that the statutory language expressly allows interest on the judgment awarded to landowners for just compensation, but the same section expressly and explicitly prohibits paying landowners the accrued interest on the same funds deposited in the Court's registry. The intent of the statute is clear, and it eschews all plausible indications of paying landowners the accrued interest on funds deposited in the Court's registry.

■ Significantly, the language in Section 421(b)[2] clearly indicates that the drafters of the statute anticipated the possibility of a delay between the time the funds to compensate property owners are deposited in the registry of the Court, and the time the same funds are actually disbursed to the property owners. This assertion is evident by the six percent (6%) per annum interest rate provision. It is equally obvious that when Section 421(b) was enacted, the Legislature was fully cognizant of and understood that funds held on deposit with the Court could be deposited in interest bearing accounts. Yet, in Section 421(a)(5), *supra*, the Territorial Legislature made a compelling and inescapable distinction between the interest accrued on funds deposited in the Court's Registry for just compensation, and the interest to be paid on the judgment awarded as just compensation to the property owners.

The above inescapable conclusions are buttressed by the plain meaning statutory language of Section 421 *supra* and its compelling legislative intent.

For example, it is axiomatic that any departure from the plain import of statutory terms is justified only where terminological ambiguity is apparent or where inherent contradictions exist, or perhaps, where the legislative history conclusively establishes that an oversight in draftsmanship has clearly occurred.″ *Tracy Leigh Dev. Comp. v. Government*, 11 V.I. 244, 250 (3rd Cir. 1974). This Court

---

[2] "(b) Upon the application of the parties in interest the Court *may* order that the money deposited in the Court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in the proceeding ....″

finds that none of the foregoing circumstances exists to justify a departure from the clear language of the statute.

Equally important is the "plain meaning" concept of statutory construction espoused by treatises on statutory construction. "According to most expressions of the doctrine of literalism, courts are bound to give effect to the literal meaning [of a statute] without consulting other indicia of intent or meaning when the meaning of the statutory text itself is "plain" or "clear" and unambiguous." *Sutherland, statutory construction,* section 46.04 (5th Edition). This concept is amplified in *Licata v. United States Postal Service,* 33 F.3d 259 (3rd Cir. 1994) in which the Appellate court said that "when interpreting a statute, we look first to its plain meaning, and if the language is unambiguous, no further inquiry is necessary."

Similarly, it is likewise a long standing and entrenched rule of statutory construction that the interpretation of a statute begins with the language of the statute, *Department of Public Welfare v. Davenport,* 110 S. Ct. 2126, 495 U.S. 552, 109 L. Ed. 2d 588 (1990). *See also Millard v. United States District Court for the Southern District of Iowa,* 109 S. Ct. 1814, 490 U.S. 296 104 L. Ed. 2d 318 (1989). The Third Circuit Court of Appeals has said that "it is axiomatic that statutory interpretation properly begins with the language of the statute itself, including all of its parts." *Sacred Heart Medical Center v. Sullivan,* 958 F.2d 537 (3rd Cir. 1992) *quoting Velis v. Kardanis,* 949 F.2d 78 (3rd Cir. 1991) Id. Also, absent evidence to the contrary, the ordinary meaning of words used expresses the legislative intent of a statute. *United States v. Easter,* 981 F.2d 1549 (10th Cir. 1992). *United States v. Jamison,* 290 U.S. App. D.C. 83, 934 F.2d 371, (U.S. App. D.C. 1991). Lastly, the plain meaning of a statute's language should control except in rare cases in which literal application of the statute will produce a result demonstrable at odds with the intentions of its drafters. In such cases, it is the intentions of the legislators, and not the language of the statute that controls. *Samuel, Kramer and Company, vs. Commissioner of Internal Revenue,* 930 F.2d 975, *cert denied,* 112 S. Ct. 416, 116 L. Ed. 2 & 436 (1991).

■ Beginning with the statutory language, the Court finds the language is exceedingly clear, explicit, and unambiguous. Additionally, the statutory language makes it unequivocally clear that

198

accrued interest on funds deposited with the Court to compensate property owners does not inure to the benefit of landowners.

■ The Court finds that the Legislative intent Section 421(a)(5) can be discerned from the plain meaning and usage of words in the statutory language. The legislative intent is also consistent with its statutory language, and both compel the finding that accrued interest on the deposited funds is not for the benefit of landowners.

■ Therefore, this Court concludes that the statutory language of the condemnation statute does not afford landowners an entitlement to accrued interest on the deposited funds.

The defendants next contend that the Federal Rules of Civil Procedure afford them an entitlement to the accrued interest on deposited funds.

■ Specifically, defendants assert that Rule 67 of the FEDERAL RULES OF CIVIL PROCEDURE grants them an entitlement to recover the accrued interest on the deposited funds.[3] The Court finds this assertion to be misplaced, because Rule 67 *supra* is inapplicable to condemnation cases.

Proceedings involving condemnation of land are governed by Title 28 V.I.C. Section 411 *et seq.* and not by any procedural rules. Rule 67 *supra* specifically governs the general procedural for depositing and withdrawing money with the Court. There is no evidence in this case that monies deposited by the Government is within the purview and statutory purpose of Rule 67 FED. R. CIV. P. Furthermore, no evidence exists that the Government or the defendants have complied with the dictates of Rule 67.

Rule 67 "applies in an action in which part of the relief sought is a judgment for a sum of money or the disposition of any other

---

[3] Rule 67 states: "In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the Court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28 U.S.C. Secs. 2041 and 2042; the act of June 26, 1934, c. 756 Sec. 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C., Title 31, Sec. 725 v; or any like statute. The fund shall be deposited in any interest bearing account or invested in an interest bearing instrument approved by the Court" Federal Rule of Civil Procedure Rule 67.

things capable of delivery. This however, is not a case in which a plaintiff is seeking a money judgment. Rather, this is a case in which plaintiff seeks to be vested with ownership of real property.

Significantly, Rule 67 also requires the party who deposits the money in the Court to give notice to every other party to the action, as well as to obtain leave of the Court to make the deposit." Case law indicates that failure to obtain leave of Court to make a deposit in the court is fatal to one's claims under Rule 67, *supra. See First Federal Savings and Loan Association of St. Joseph v. United States* 288 F. Supp. 477, (W.D. MO.(1968). In this case, the Government never obtained leave of court to deposit the money in the Court's registry, and the condemnation statute does not require that plaintiff seeks leave of court to do so.

There is no evidence to indicate or suggest that the Government contemplated a deposit of funds under Rule 67 *supra*. Likewise, the intent, focus and subject matter of Rule 67 are absent in this case.

Even assuming that Rule 67 was found to be applicable to this case, there is no guarantee that defendants would be entitled to recover the interest that accrued on the monies deposited in the Court. Defendants' Rule 67 contention conflicts with the provisions of Rule 71A of the Federal Rules of Civil Procedure. Rule 71A specifically addresses condemnation proceedings under the Federal Rules of Civil Procedure, which are used by this Court. (See Terr. Ct. R. 7). The history of Rule 71A leaves no uncertainty as to its purpose and its intent which includes specifically having a single, uniform rule of procedure to govern condemnation proceedings. WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil, Section 3041. It is true that Rule 71A(a) provides that "The Rule of Civil Procedure for the United States District Courts govern the procedure for condemnation of real and personal property under the power of eminent domain, except as otherwise provided in the rule." Consequently, if for the purpose of condemnation there is a subsection of Rule 71A which addresses the depositing and disbursing of money under the power of eminent domain, then Rule 67 is inapplicable and irrelevant. Subsection (j) of Rule 71A enumerates the procedures requires for depositing and disbursing funds requires to be deposited with the Court as a condition to the

200

exercise of the power of eminent domain.[4] Accordingly, it is evident that subsection (j) of Rule 71A specifically addresses the issue defendants attempted to raise under Rule 67. Therefore the language of subsection (j) of Rule 71A is invoked, because this Rule specifically addresses condemnation proceedings, and Rule 67, which is a general rule, is simultaneously ousted and becomes inapplicable to condemnation proceedings.

Accordingly, this Court finds that the defendants' contention that pursuant to Rule 67 they are entitled to recover the accrued interest on the deposited fund is specious and without merit, because the factual circumstances of this case are inapplicable to the provisions of Rule 67. Importantly, this Court finds that Rule 71A *supra*, specifically governs condemnation proceedings under the procedural rules; therefore, it supersedes Rule 67 in this case. Although this is not to the exclusion of the other rules of civil procedure, the provision specifically indicates that it excludes any other rule the subject of which is addressed in rule 71A. Rule 71A expressly enumerates the requisite procedures for the deposit and distribution of monies deposited into the Court's registry in condemnation proceedings. Accordingly, this Court concludes that Rule 67 is inapplicable to condemnation proceedings, because subsection (j) of Rule 71A specifically addresses the same subject matter.

### CONCLUSION

This Court holds that the Virgin Islands Condemnation Statute prohibits awarding property owners accrued interest earned on

---

[4] "(j) Deposit and Its Distribution. The plaintiff shall deposit with the Court any money required by law as a condition to the exercise of the power of eminent domain; and, although not so require, may make a deposit when permitted by statute. In such cases the Court and attorneys shall expedite the proceedings for the distribution of the money so deposited and for the ascertainment and payment of just compensation. If the compensation finally awarded to any defendant exceeds the amount which has been paid to that defendant on distribution of the deposit, the Court shall enter judgment against the plaintiff and in favor of that defendant for the deficiency. If the compensation finally awarded to any defendant is less than the amount which has been paid to that defendant, the Court shall enter judgment against the defendant and in favor of the plaintiff for the overpayment."

funds deposited in the Court's registry to compensate property owners for the taking of their properties. The Court further holds that the earned interest is awarded to the Territorial Government.