55 F.3d 685
 312 U.S.App.D.C. 120
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Melvin WILLIAMS, Appellant.
 No. 90-3221.
 United States Court of Appeals, District of Columbia Circuit.
 May 16, 1995.
Rehearing and Suggestion for Rehearing In Banc are Dismissed
as Moot Aug. 17, 1995.
 
 Before: EDWARDS, Chief Judge, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from the judgment of conviction in the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Melvin J. Williams, Jr., challenges the sentence imposed on him by the District Court after he pleaded guilty to interstate transportation in aid of a racketeering enterprise. On March 12, 1990, Williams was indicted for conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. Sec. 846, and for distribution of 50 grams or more of crack, in violation of 21 U.S.C. Secs. 841(a) and 841(b)(1)(A)(iii). Williams subsequently pleaded guilty to one count of interstate transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. Sec. 1952(a)(3), the underlying unlawful activity for which was the distribution of 50 or more grams of crack. On September 25, 1990, the District Court sentenced appellant to 60 months imprisonment, the maximum term under 18 U.S.C. Sec. 1952, to be followed by a one-year term of supervised release.
 
 
 5
 Under the federal Sentencing Guidelines ("Guidelines"), the base offense level for interstate travel in aid of a racketeering enterprise is "the offense level applicable to the underlying ... unlawful activity in respect to which the travel or transportation was undertaken" or six, whichever is greater. U.S.S.G. Sec. 2E1.2 (Nov. 1994). Here, the underlying offense was the distribution of 50 or more grams of crack, for which the Guidelines provide a base offense level of 32. Id. Secs. 2D1.1(a)(3), 2D1.1(c)(4). The District Court reduced appellant's base offense level by four on the ground that appellant was a minimal participant in the criminal activity. Id. Sec. 3B1.2(a). The court further reduced the offense level by two for acceptance of responsibility, id. Sec. 3E1.1(a), resulting in a total offense level of 26. This offense level, combined with appellant's criminal history category, fixed Williams's Guideline range at 63 - 78 months imprisonment. Under 18 U.S.C. Sec. 1952, however, the maximum term of incarceration is five years, or 60 months. And the Guidelines provide that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. Sec. 5G1.1(a). Thus, the District Court sentenced appellant to the statutorily authorized maximum of five years in prison.
 
 
 6
 In addition to the term of imprisonment, the court imposed a one-year term of supervised release. Section 5D1.1 of the Guidelines provides that the "court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute." Id. Sec. 5D1.1(a). This term of supervised release exposes Williams to a total period of incarceration potentially in excess of the five-year term authorized by his conviction under 18 U.S.C. Sec. 1952. If appellant violates a condition of his supervised release, the District Court may revoke the supervised release and require appellant to serve additional prison time. Id. Sec. 3583(e); U.S.S.G. Secs. 7B1.3 - 7B1.5 (policy statements).
 
 
 7
 Williams argues that his sentence is illegal because his term of imprisonment and term of supervised release together add up to more than the five-year maximum term authorized under the racketeering statute to which he pleaded guilty, 18 U.S.C. Sec. 1952. While this appeal was pending, however, a panel of this court held that a term of imprisonment and a term of supervised release may add up to more than the maximum prison term allowed for the offense of conviction. United States v. Jamison, 934 F.2d 371, 373 (D.C. Cir. 1991). Williams contends that Jamison was wrongly decided insofar as it supports the result in this case. On this point, Williams raises at least two persuasive arguments that might lead to a result different than the one we reached in Jamison.
 
 
 8
 Williams first contends that the language of the statute governing supervised release, 18 U.S.C. Sec. 3583, compels the conclusion that a term of imprisonment and supervised release may not add up to more than the statutory maximum term of imprisonment. Alternatively, Williams argues that the language of section 3583 at the very least is ambiguous, and that the rule of lenity thus requires an interpretation of the statute prohibiting a term of supervised release in excess of the statutory maximum term of imprisonment. See United States v. R.L.C., 112 S. Ct. 1329, 1338 (1992) (plurality opinion) (rule of lenity requires ambiguous criminal statute to be construed in favor of the accused).
 
 Section 3583 provides:
 
 9
 The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute ....
 
 
 10
 Williams contends that the plain meaning of the applicable phrase, "may include as a part of the sentence a ... term of supervised release after imprisonment," is that a term of supervised release may be "included" as a "part" of the total sentence, but not "in addition to" that sentence. Thus, any term of supervised release imposed "in addition to" a statutory maximum term of imprisonment contravenes the clear language of section 3583. At the very least, Williams argues, the terms of section 3583 are ambiguous with respect to whether a term of supervised release is to be "included in," as the statutory language would suggest, or "separate from," as we held in Jamison, "a sentence to a term of imprisonment." Therefore, he claims, the rule of lenity would require that section 3583 be interpreted so as not to permit a term of jail time and supervisory release to add up to more than the statutory maximum term of imprisonment.
 
 
 11
 Williams next argues that the Sentencing Commission lacked authority to issue a guideline requiring supervised release, because mandatory supervised release is inconsistent with 18 U.S.C. Sec. 3583 and its legislative history. Williams contends that the Guidelines, which impose a mandatory term of supervised release for all defendants sentenced to more than one year of imprisonment, see U.S.S.G. Sec. 5D1.1(a) ("The court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed.") (emphasis added), conflict with the Sentencing Reform Act of 1984, which provides for an optional term of supervised release, see 18 U.S.C. Sec. 3583 ("The court ... may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." (emphasis added). Williams also argues that Congress wanted the length of supervised release to depend on a defendant's need for supervision (to be determined in the sound discretion of the district judge), not the length of the original prison term, see S. REP. NO. 225, 98th Cong., 1st Sess. 122-25 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3305-08, and, thus, that mandatory terms of supervised release are contrary to congressional intent. Accordingly, Williams concludes that the Guidelines improperly required the District Court to sentence him to a term of supervised release extending beyond the statutory maximum period of incarceration.[1]
 
 
 12
 In our view, Williams's arguments appear to be compelling. However, as Williams's counsel concedes, and we agree, appellant's arguments are foreclosed by our decision in Jamison. Accordingly, appellant's only recourse is to seek relief from this court sitting en banc.
 
 
 
 [1]
 Williams acknowledges that the commentary to the Guidelines provides that, in the "exception[al]" cases where supervised release is not necessary, the district judge may depart from the Guidelines. U.S.S.G. Sec. 5D1.1 (Application Note 1). Nonetheless, Williams contends that the commentary is insufficient to save the mandatory language of the actual guideline from conflicting with section 3583