**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**8560 SQUARE FEET OF LAND consisting of the following: Lot 30-31 Norre Gade, Kings Quarter, in the town of Charlotte Amalie, on the Islands of St. Thomas, United States Virgin Islands; A.H. LOCKHART and COMPANY, H.E. LOCKHART MANAGEMENT, INC., UNKNOWN OWNERS, and all others claiming an interest herein, Defendants**

T.C. Civil No. 844/1992

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

Sept. 23, 1999

ROBERT BORNHOLT, Department of Justice, St. Thomas, U.S.V.I., *for the Plaintiff*

HENRY FEUERZEIG, H.E. Lockhart Mgmt. Law House, St. Thomas, U.S.V.I., *for Defendant*

ROSS, *Judge*

**MEMORANDUM OF OPINION**

THIS MATTER is before the Court on Defendant H.E. Lockhart Management, Inc. (HELM) Motion for Reconsideration of the June

120

23, 1993 Order denying Defendant HELM's Motion for Award of Interest. For the following reasons, Defendant's motion will be granted.

## STATEMENT OF FACTS

Plaintiff commenced a condemnation action on August 20, 1992 and filed a declaration of taking to seize title to Defendant HELM's property. Pursuant to statute, Plaintiff deposited $165,646.00 ("estimated compensation deposit") into the Court Registry as compensation to the persons entitled thereto. Allegedly the Clerk of the Court deposited the funds in an interest-bearing account. On August 24, 1992, the Court vested title to the property in question in the Plaintiff and on March 29, 1993 declared Defendant HELM entitled to the estimated compensation deposit. Defendant HELM had moved the Court for payment of the estimated compensation deposit on January 28, 1993 and received said payment on April 7, 1993. However, Defendant HELM was not paid the interest that had allegedly accrued on the estimated compensation deposit. On May 27, 1993, Defendant HELM moved the Court for an award of said interest. Plaintiff opposed this motion on the ground that Defendant HELM was not statutorily entitled to interest on the deposit pursuant to V.I. Code Ann. tit. 28 § 421 (1996) [hereinafter "V.I. Condemnation Statute"]. The V.I. Condemnation Statute, in pertinent parts of § 421(a)(5), provides:

> Upon the filing of said declaration of taking and deposit in the court, to the use of the persons entitled thereto, . . . title to the property in fee simple absolute, . . . shall vest in the Government of the United States Virgin Islands, . . . and the right to just compensation . . . shall be ascertained and awarded . . . by judgment . . .; and the said judgment shall include . . . interest . . .; but interest shall not be allowed on so much thereof as shall have been paid into the court. No sum so deposited and paid into the court shall be subject to any charge for commission, deposit or custody (Emphasis added).

The Court agreed with Plaintiff and denied Defendant HELM's motion. Defendant HELM filed the motion now before the Court.

Upon reconsideration, the Court finds that while the Condemnation Statute clearly prohibits the Government from paying interest on the estimated compensation deposited in the Court registry, the statute is silent regarding the ownership of interest that accrues on the estimated compensation deposit upon the clerk's investment of said funds in an interest-bearing account. Thus, the issue must be reassessed.

## ISSUE

Whether in condemnation proceedings, the owner of condemned property is entitled to the accrued interest earned on estimated compensation funds deposited in the Court's registry and invested by the Clerk of the Court?

## DISCUSSION

In *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 101 S.Ct. 446, 451, 449 U.S. 155, 162 (1980), the Supreme Court stated that "[t]he usual and general rule is that any interest on an interpleaded and deposited fund follows the principal and is to be allocated to those who are ultimately to be the owners of that principal." In *Webb*, the interpleading party deposited the purchase price of a corporation into the court registry. A Florida Circuit Court had ordered the clerk to place the monies in an interest-bearing account. *Id.* at 448. The fund remained in the registry for almost a year, during which time interest accrued. The Court-appointed receiver filed a motion for award of the fund. After the removal of statutory fees and court ordered payment from the fund, the principal of the fund was delivered to the receiver. The Court authorized the clerk to withhold the interest, in excess of $90,000.00, on the fund. *Id.* at 449. The Supreme Court found that "the earnings of a fund are incidents of ownership of the fund itself and are property just as the fund itself is property." *Id.* at 452. Furthermore, the deposited fund was private, not public, property and therefore did not belong to the state. *Id.* at 450. The Court found that the state's seizure of the fund's interest "ha[d] the practical effect of appropriating for the county the value of the use of the fund for the period in which it is held in the registry." *Id.* at 452. In accordance

with these findings the Court stated that "a State, by *ipse dixit*, may not transform private property into public property without compensation, even for the limited duration of the deposit in court. This is the very kind of thing that the Taking Clause of the Fifth Amendment was meant to prevent." *Id.* Additionally, the Court found that permitting the state to keep the interest would result in a conflict of interest because the state would be more inclined to retain the fund to increase the accrued interest as opposed to disbursing the funds to the proper party. *Id.* at 451.

The *Webb* rule has been followed in other jurisdictions. *See Washington Legal Foundation v. Texas Equal Access To Justice Foundation*, 94 F.3d 996, 1001 (5th Cir. 1996) (State placement of the deposited funds into an interest-bearing account does not allow the state to claim ownership of the accrued interest); *see also Odyssey Stevedoring Corporation, et al. v. Celtic Venture*, 817 F.2d 709, 711 (11th Cir. 1987) ("The general rule as to the interest earned on court registry accounts is that interest is allocated proportionately to those who are ultimately determined to be owners of the principal.").

■ In this matter, the Court established Defendant HELM's right to the principal when it granted Defendant HELM's Motion for Disbursement of the Compensation Deposit on March 29, 1993. Additionally, the Condemnation Statute mandates that the deposit shall be held for "the use of persons entitled thereto." In accordance with the Supreme Court ruling, the accrued interest should follow the principal. As the Supreme Court found in *Webb*, to allow Plaintiff herein to retain the accrued interest would amount to a "taking [of private property] violative of the Fifth and Fourteenth Amendments." *Webb* at 452-53.

The Webb rule is a limited one, and only applicable to a particular set of circumstances. *Id.* at 452. There must be a "separate and distinct state statute authorizing a clerk's fee "for services rendered" based upon the amount of principal deposited."; the deposited monies must be deemed private property; and the deposit of the funds into the Court registry must be statutorily mandated. *Id.* This case falls directly within these narrow parameters. The Condemnation Statute clearly states that the Court shall

not collect any fees for receiving monies into the Court's registry;[1] the Court established that the deposit was the private property of Defendant HELM in its March 29, 1993 Order; and the estimated compensation deposit in the Court registry is statutorily mandated to ensure the immediate compensation of the landowner. Ergo, application of the Webb rule to this matter is entirely apropos.

Additionally, the common law doctrine of unjust enrichment commands that a party should not be allowed to enrich unjustly or unfairly or benefit itself at the expense of another. Unjust enrichment occurs when one party "has and retains money or benefits which in justice and equity belong to another. *Black's Law Dictionary 1068 (6th ed. 1990)*. There is no question that Plaintiff would be unjustly enriched if allowed to keep the interest which accrued on Defendant HELM's principal from August 20, 1992 to April 7, 1993, especially since the Condemnation Statute prohibits "any charge for commission, deposit or custody." The compensation deposit became Defendant HELM's property once title vested in Plaintiff and the Court determined Defendant HELM to be entitled thereto.

The Court is aware of the decision in *Government of the Virgin Islands v. 2.569 Acres*, 32 V.I. 194 (St. T./St. J. 1995) [hereinafter *2.569 Acres*], but refuses to follow it. In *2.569 Acres*, Plaintiff Government distinguished the treatment of accrued interest on the estimated compensation deposited in the Court registry and the statutory interest on the just compensation awarded to the landowner. *Id.* at 196. Plaintiff argued that the statute allowed the payment of interest which had accrued on monies adjudged just compensation. However, Plaintiff contended that the statute specifically prohibited the payment of interest which accrued on the monies deposited in the Court registry. *Id.* The Court held that "the Virgin Islands Condemnation Statute prohibits awarding property owners accrued interest earned on funds deposited in the Court's registry to compensate property owners for the taking of their properties . . ." and awarded the earned interest to the Plaintiff. *Id.* at 201-202. This Court disagrees with that holding. In *2.569 Acres*, the Court failed to recognize that the Condemnation Statute only

---

[1] ". . . No sum so deposited and paid into the court shall be subject to any charge for commission, deposit or custody. *V.I. Code Ann. tit. 28 § 421(a)(5) (1996)*.

prohibited payment of interest by the Government, but did not prohibit the payment of interest earned on the deposit invested by the Court clerk. The *2.569 Acres* holding, imposing a blanket ban on the payment of any interest on deposits placed in the Court registry, is in direct contravention of the Supreme Court decision in *Webb* which clearly states that interest earned on a deposit follows the principal. Therefore, the *2.569 Acres* decision was in error and will not be followed.

## CONCLUSION

■ ■ The Court holds that the Virgin Islands Condemnation Statute does not prohibit awarding property owners accrued interest earned on funds deposited in the Court's registry to compensate property owners for the taking of their properties. The Court further holds that Defendant HELM is entitled to the interest, if any, which accrued on the estimated compensation funds deposited in the Court registry in the above captioned action.

DATED September 23, 1999