

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2007

# Bryant v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bryant v. Samuels" (2007). *2007 Decisions*. Paper 1135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5087

JOHN L. BRYANT,
                                              Appellant

v.

CHARLES E. SAMUELS

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-05396)
Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: May 4, 2007)

OPINION OF THE COURT

PER CURIAM.

       John L. Bryant appeals from the order of the United States District Court for the

District of New Jersey dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.

For the reasons that follow, we will affirm.

In his habeas petition, Bryant provided the following background. In the United States District Court for the Eastern District of Michigan, Bryant pleaded guilty to conspiracy to distribute more than five kilograms of cocaine. On February 15, 2000, he was sentenced to 235 months of imprisonment, to be followed by five years of supervised release. Bryant filed a motion under 28 U.S.C. § 2255 to vacate his sentence based on a claim of ineffective assistance of counsel, and the motion was granted. On August 31, 2004, the sentencing court vacated Bryant's sentence and imposed a new sentence of "(210) months, followed by (5) years supervised release." [sic] (Habeas Petition, Memorandum at 9.)

Bryant filed his section 2241 habeas petition in November 2006, challenging the computation of his sentence by the federal Bureau of Prisons ("BOP") as running afoul of 18 U.S.C. § 3583(a). As relief, he sought to have the BOP recalculate his sentence to account for the five-year supervised release term "as part" of his sentence and not "in addition to" his sentence, to comport with the language and congressional intent of section 3583(a). The District Court summarily dismissed the petition, concluding that Bryant's claim failed to allege any violation of law and that the BOP correctly interpreted the sentencing court's order in light of section 3583(a). Further, the District Court determined that Bryant admittedly had failed to exhaust his administrative remedies on his claim, and his petition would have to be dismissed for that reason as well. Moreover, the District Court noted that, to the extent that Bryant was claiming that the sentencing court's intentions were incorrectly reduced to writing, such a claim would be more

2

appropriately asserted under section 2255, and the section 2241 petition could not be entertained as a means of circumventing the gatekeeping requirements of section 2255.[1]

Bryant appeals. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. Werts v. Vaughn, 228 F.3d 178, 191 (3d Cir. 2000).

As stated by the District Court, although section 2241 itself does not contain an exhaustion requirement, a federal prisoner ordinarily must first exhaust his administrative remedies before bringing his claims under section 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Bryant does not address this issue on appeal. In his habeas petition, he conceded that he did not pursue administrative remedies because he believed the exercise would be futile. On this record, we agree with the District Court's conclusion that Bryant's claim is unexhausted. Even if we were to excuse this failure to exhaust, we would agree with the District Court that Bryant is not entitled to relief on his claim.

---

[1] Bryant had also raised in his habeas petition a prison classification claim, stemming from a February 2006 incident report while he was housed at Federal Prison Camp in Atlanta, Georgia. The District Court dismissed this claim without prejudice. Bryant's brief on appeal makes no mention of this claim, so we will not address it.

In order to obtain relief under section 2241,[2] Bryant must establish that he is being held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241. He states that the BOP's calculation of his sentence violates the statute governing supervised release, which provides as follows:

> In general.--The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

18 U.S.C. § 3583(a). Bryant relies on this language to argue that the BOP is incorrectly calculating the imposed five years of supervised release to be served in addition to 210 months of imprisonment. He argues that the BOP should instead apply the five-year (sixty-month) term "as part of" his sentence. To illustrate, Bryant posits that 210 months is the limit of his sentence, his sixty months of supervised release should be subtracted from the 210 months, and thus his supervised release would commence after serving 150 months of imprisonment (minus any good time credits or halfway house placement).

We are unpersuaded by Bryant's argument. Like the District Court, we see no basis for the position that the BOP is somehow miscalculating Bryant's sentence as 210

---

[2] Bryant insists on appeal that his section 2241 habeas claim is not a challenge to the sentence as imposed. Accordingly, we will not review the District Court's interpretation of Bryant's claim as such, but we note our agreement that Bryant cannot employ section 2241 to circumvent the gatekeeping requirements of section 2255, for substantially the same reasons discussed in the District Court's opinion.

4

months plus the term of supervised release, where Bryant himself acknowledges that the sentence imposed was 210 months, <u>followed</u> <u>by</u> five years of supervised release. Nor do we discern that such a calculation by the BOP would be contrary to section 3583(a)'s language or legislative intent. Indeed, other courts have specifically noted that section 3583(a)'s language providing for supervised release "as part of the sentence" does not mean that the term of supervised release converts a portion of the term of imprisonment, as Bryant would have us conclude. <u>See</u>, <u>e.g.</u>, <u>United States v. Jenkins</u>, 42 F.3d 1370, 1371 (11th Cir. 1995) (upholding a sentence ordering supervised release in addition to the maximum term of imprisonment, noting that the Senate Committee Report for section 3583(a) indicates that the term of supervised release is a separate part of the defendant's sentence and is not the end of the term of imprisonment); <u>United States v. Jamison</u>, 934 F.2d 371, 373 (D.C. Cir. 1991) (holding that Congress provided in section 3583(a) that supervised release is to be imposed "in addition to any authorized term of imprisonment, not by conversion of a portion thereof"). The BOP's calculation of a term of supervised release "as part of the sentence" under section 3583(a) does not compel a calculation of supervised release "as part of the imprisonment." <u>Cf.</u> <u>Jamison</u>, 934 F.2d at 373-74 (discussing Congress's choice of language in rejecting the argument that supervised release was intended to be included within the term of imprisonment).

We will affirm the judgment of the District Court.

5